{¶ 19} I am concurring with respect to defendant's sole assignment of error, but in judgment only because I disagree with the lead opinion's analysis of sentencing for fifth degree felonies. Additionally, I must dissent regarding consecutive sentences and post-release control.
APPLICABILITY OF R.C. 2929.13(b)(1) FACTORS
 {¶ 20} The lead opinion agrees with the trial court that defendant had no right to an appeal and bases this decision on its finding that one of the factors in R.C. 2929.13(B)(1) applies in this case. Specifically, the lead opinion references two factors described in (g) and (h). Without aligning a statutory factor to specific facts, the lead opinion relates two facts the trial court noted as a sufficient basis for concluding defendant had no appeal as of right: "defendant had two warrants at the time of his arrest and that he faced a pending case in federal court." At 6, ante. In explaining its decision the trial court cited to two sections of the statute. One is subsection (g), which states: "The offender at the time of the offense was serving, or the offender previously had served, a prison term." At the sentencing hearing, however, defense counsel informed the court that defendant had never served a prison term. Tr. at 13. No one contradicted this statement. Thus subsection (g) cannot be a basis for precluding an appeal.
 {¶ 21} The other applicable subsection, R.C.2929.13(B)(1)(h), which the trial court cited states: "The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." There is no evidence, however, to support the application of subsection (h).
 {¶ 22} The trial court put great weight on the fact that at the time of his arrest defendant had two outstanding traffic warrants and at the time of his sentencing was under a federal indictment. The court noted that the federal indictment related to an alleged drug trafficking conspiracy. Crucial to subsection (h) in 2929.13(B)(1), however, is its focus on his status in the criminal justice system on the date defendant committed the offense, not on the date he was sentenced in the case at bar. Although at the time of the sentencing hearing defendant was on electronic home monitoring, he was not under this confinement at the time of his offense. That there were outstanding warrants, moreover, does not indicate that defendant had been released on bond or personal recognizance. Defendant had not been convicted of any federal offenses, not even at the time of sentencing. There was no evidence he was on probation or had served a prison term at the time the crime in the case at bar was committed. At the time of sentencing, only warrants had been issued. None of the factors in R.C. 2929.13(B)(1), however, references having a warrant against defendant. Because this offense predated the offenses alleged in the federal indictment, factor (h) cannot apply.
Right to Appeal the Sentence
 {¶ 23} Because the court had mistakenly believed it had found one of the statutory factors in R.C. 2929.13(B), the trial court erred in concluding that defendant did not have a right to appeal his sentence. If the court had properly found that one or more of the justifications exist, then defendant would not have an appeal of right under R.C. 2953.08(A)(2). Ohio Felony Sentencing Law,
Griffin and Katz, 2004, at 854.
 {¶ 24} The transcript shows, however, that defendant committed the crime which is the subject of the case at bar before the alleged conspiracy crime occurred.[1] The trial court, therefore, could not properly make a finding to satisfy R.C. 2929.13(B)(1)(h). Nor do any remaining factors listed in R.C. 2929.13(B)(1) apply to defendant. Defendant's appeal, therefore, is not barred.
IMPOSITION OF SENTENCE
 {¶ 25} In the case at bar, defendant pleaded guilty to a drug felony of the fifth degree. R.C. 2929.13 controls the imposition of sentencing and provides that when a trial court imposes a prison sentence for a fifth degree felony drug offense, it must consider the factors listed in section (B)(1).
 {¶ 26} If, as in this case, none of those factors is present, then to impose prison, the court must make its sentencing determination based upon the purposes and principles found in R.C. 2929.11. The purposes of felony sentencing are to protect the public from future harm and to punish the offender. R.C.2929.11.
 {¶ 27} R.C. 2929.13 further mandates the court consider R.C.2929.12 in deciding whether a sentence is consistent with the purposes and principles of felony sentencing. R.C. 2929.12(B) and (C) address factors which make an offense more or less serious and (D) factors which consider recidivism. Although the factors found in R.C. 2929.12 are relevant to the prevention of future crime, they are not exclusive and the court may consider other factors which would lead to recidivism. State v. Baird, Hocking App. No. 02CA24, 2003-Ohio-1055 ¶ 16.
 {¶ 28} R.C. 2929.11 does not itself provide authority for imposing a duty on the court to articulate findings or reasons when the court determines that a prison sentence is consistent with its statutory principles. Other sentencing statutes, however, impose this duty. For example, R.C. 2929.19(B)(2)(a) requires the court:
* * * if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, [to give] its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender. (Emphasis added.)
 {¶ 29} In the case at bar, the trial court made findings consistent with R.C. 2929.11 and R.C. 2929.12; therefore, the sentence of six months is appropriate. The court found that defendant was not amenable to community control sanctions and that a prison sentence was necessary to fulfill the purpose of the felony sentencing statute. The court also provided reasons for its findings: that defendant had not learned from his previous mistakes and that he had continued to commit crimes despite previous sanctions. The court noted defendant's "long history of taking an awful lot of chances that then making up an awful lot of excuses for why things happen." Tr. at 22. The court reasoned, therefore, that defendant would continue to commit crimes if not imprisoned.
Consecutive Sentences
 {¶ 30} I also find it necessary to address the trial court's imposition of the sentence as consecutive to any federal sentence. The court ordered that the six-month sentence be served consecutive to any sentence defendant might receive in the federal case. The court lacked authority to impose a consecutive sentence to the federal sentence for two reasons. First, R.C.2929.41 mandates in pertinent part:
* * * a prison term, jail term, or sentence of imprisonmentshall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.
 {¶ 31} R.C. 2929.41(A), emphasis added. The statute, therefore, mandates that this sentence be served concurrently with any federal sentence that might be imposed.
 {¶ 32} As a practical matter, the second reason the trial court could not make the sentence in the case at bar consecutive to a federal sentence was defendant's lack of a federal conviction at the time the court was sentencing him. Although federal warrants for defendant existed, he had not been tried, much less convicted, on the crimes alleged in those warrants. A sentence cannot be served consecutive to a speculative sentence for a crime which has not yet been tried. Additionally, even if defendant were to have been convicted in the federal case prior to the end of serving his six-month sentence in this case, if the federal court chose to make his sentence for that conviction concurrent to the balance of the state conviction, this court would not have the authority to impose its will on the federal court.
POST-RELEASE CONTROL
 {¶ 33} I also find it necessary to address, sua sponte, another error. Although defendant did not raise the terms of his post-release control as an assignment of error, I note that the court stated in its journal entry that "POST-RELEASE CONTROL I [sic] PART OF THIS PRISON SENTENCE FOR THE MAXIMUM PERIOD ALLOWED FOR THE ABOVE FELONY (S) UNDER R.C. 2967.28." This judgment entry must be corrected.
 {¶ 34} "Any sentence to a prison term for a felony of the third, fourth, or fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender." R.C. 2967.28(C), emphasis added.
 {¶ 35} It is the parole board, not the court, that decides whether post-release control will be imposed on defendant. The trial court is merely to advise that defendant is "subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender."
 {¶ 36} I would therefore, remand this case to the trial court for correction of its journal entry regarding both its imposition of a sentence consecutive to any federal sentence as well as it imposition of the "maximum period of post-release control."
[1] The court noted at the plea hearing that "[t]he date of the offense of the federal case * * * was subsequent to February 25, 2003 [the date of the offense in the case at bar] * * *." This sequence was confirmed by defense counsel.